IN RE PETITION OF WILLIAM PATRICK BARRY
No. 11845.
Decided March 16, 1970.
466 P.2d 586.

Williams Patrick Barry, pro se.

## MEMO OPINION

PER CURIAM:

Original proceedings.

William Patrick Barry, an inmate of the Montana State Prison, appearing pro se, applies for a writ of habeas corpus. It is petitioner's contention that his 25 year sentence was imposed upon him without any legal process by a court totally without jurisdiction and authority to pass said judgment. He further alleges that the questions he raises herein were previously presented to the district court of Cascade county by way of a "Motion to vacate judgment and withdraw guilty plea." We agree with petitioner that nothing is presented in his present petition that was not covered in his motion in the disrict court.

232

Upon consideration of that motion in the district court the following order was entered on February 9, 1970:

"Whereas, the defendant in this cause, WILLIAM PATRICK BARRY, has filed with this Court Petitions and Motions together with a brief in support thereof, the first of which was to disqualify the judge presiding in this case, the Honorable Truman G. Bradford, and this motion was accepted by Judge Bradford and this Court took jurisdiction of this cause. Several other Petitions to Proceed in forma pauperis and for preparation of the records in the case have been granted, and according to the record on file the defendant has transcripts of all the hearings and copies of the matters which are available in the cause. Further than that, this Court has studied the file together with all transcripts of hearings and the minutes of the Court.

"The defendant's main petition is a motion to vacate the judgment and to withdraw his guilty plea, his main contention being that he was denied due process by reason of the fact that in his opinion there was no probable cause for the filing of the information in the cause without using what he claims is illegally obtained statements and evidence.

"The Court has carefully considered each of the contentions of the defendant, and, of course, his main contention is that he expected a sentence of about five (5) years and received one of twenty-five (25) years. He also contends that the sentence of twenty-five (25) years was illegally imposed because of the information in the pre-sentence investigation.

"These contentions basically come down to the allegation that he did not have the assistance of effective counsel at each stage in this proceeding. The record discloses that the Information in this cause was filed directly in this Court on August 9, 1968, and on that day he was brought before this Judge and bail was set and he was advised of the charge and he informed the Court he wished to secure his own counsel. On the same day at 1:30 o'clock P.M., that is on August 9, 1968, he reappeared before the Court with his own counsel, Mr. R. W. Gabriel. Mr. Gabriel

appeared again with the defendant on August 12th, 1968, asking for a continuance, and again appeared on August 15th, 1968, at which time he was allowed to withdraw by Judge Bradford. The arraignment was re-scheduled for the 16th of August, 1968, at 10:00 o'clock A.M.

"Mr. R. W. Gabriel is known to this Court as an extremely competent and conscientious criminal defender and was at that time and is now extremely vigilant of the rights of his defendant, as the records of this Court will disclose in each case where he has undertaken either by Court appointment or by a contract of employment the duties of defense in the criminal matters.

"On August 16, 1968, Mr. Barry appeared with his Court-appointed counsel, Mr. Alex Blewett, Jr. Again, the Court continued arraignment so that the defendant might, at his request and that of his counsel, undergo psychiatric evaluation at the State Hospital at Warm Springs, Montana. He next appeared in Court on January 3, 1969, as the record discloses and as he states in his Petition. It was not until this time, that is from August 8, 1968, until January 3, 1969, that the plea of guilty was entered. Also, according to his Petition and the record, Mr. Barry was on bail after his return from the State Hospital.

"Further than this, Mr. Barry has an extensive criminal record. And according to the pre-sentence investigation and obviously from his Petitions, he is an intelligent man. According to the pre-sentence, he informed the Parole Officer that he has a high school education and one year of college. I think there can be no question that Mr. Barry is familiar with the judicial process as is indicated from his arrest record dating back to 1948 in California. He has served two (2) years in the Wyoming prison for uttering and delivering a fraudulent check; 2 years in the Montana State Prison from Billings for uttering and delivering a fraudulent check; three (3) years from Livingston, Montana, in 1957 in the Montana State Prison for issuing fraudulent checks; and three (3) years from Great Falls, Montana, for forgery in 1964.

"Mr. Alex Blewett, Jr., is a member of a select group of trial lawyers in the United States, one of the few recognized for this distinction in Montana.

"While the Petition does not say so in so many words, it is obvious that had the Petitioner received five (5) years in the State Prison instead of twenty-five (25) years, he would not be as adamant as he is here.

"The pre-sentence investigation submitted by the Parole Officer, Mr. J. H. Baumgart, recites, and this is of record and was before the sentencing, 'in spite of the fact that subject has four (4) felony convictions on bad checks there are presently seven (7) checks totaling $119.51 in the Cascade County Attorney's file which have been returned as insufficient fund or account closed. These are true name checks. There is also one check in the file that may be a forgery. Subject was charged in Justice of Peace Court in Great Falls on January 14, 1969 with Uttering and Delivering a Fraudulent Check. Disposition of this charge is pending.'

"It is obvious from the Petition filed by Mr. Barry that wherein he makes reference to the actions of Ralph Randono as Deputy County Attorney that this allegation of the Parole Officer is accurate and true. That is, that while the defendant, Barry, was on bail and awaiting sentencing on the charge pending against him, to which a guilty plea had been entered, the crime against nature, he was arrested and charged with uttering and delivering a fraudulent check.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petitions and Motions filed which are delineated habeas corpus but which, of course, cannot be deemed to be habeas corpus for the reason that this Court would have no jurisdiction of the person of the defendant, and which are deemed to be within the provisions of Section 95-2601 as a post-conviction petition.

"AND FURTHER FIND under the provisions of Section 95-2605 that the files and records in this case conclusively show

that the prisoner is entitled to no relief and, therefore, no notice need be served on the County Attorney and a hearing need not be held nor counsel appointed to determine the issues and make the finding of fact and conclusions in respect thereto.

"IT IS FOUND AS A MATTER OF LAW that Mr. Barry's Petition is without merit and that all relief requested be and is hereby denied.

"IT IS FURTHER ORDERED that a certified copy of this Order be mailed to the Petitioner, Mr. William Patrick Barry, at Box 7, Deer Lodge, Montana."

This Court has also examined the records of the district court in this matter. It is true that on petitioner's first appearance in the district court on August 9, 1968, he was inadvertently advised by the district judge that the penalty for the crime against nature was not less than one or more than five years at hard labor in the state prison. The arraignment was continued at that time until 1:30 p.m. in the afternoon at which time Barry appeared with counsel. At every appearance before the court thereafter he had counsel with him. At his August 15, 1968 appearance, the court was informed that petitioner was unable to retain the counsel who had previously and was then appearing with him and the court was requested to appoint counsel, which was immediately done.

The following day, August 16, 1968, he was back before the court with his court appointed counsel and a motion was made for a bond reduction, which the court granted. Counsel also moved for a psychiatric evaluation of petitioner and that his arraignment be continued until such examination had been had. The court granted these motions and ordered petitioner sent to the state hospital at Warm Springs for the evaluation and continued the arraignment until after the report had been received.

On January 6, 1969, arraignment of the petitioner was had with his counsel present, at which time the court stated:

"Before entering your plea I want to advise you that the penalty for this crime, upon a plea of 'guilty' or upon a con-

viction by a jury, is not less than five years. That means that the maximum sentence could be 99 years.''

Petitioner then entered a plea of ''Guilty''. Sentencing was continued until January 20, 1969, so that the court could order a pre-sentence investigation and receive a report. On January 20, 1969, petitioner came before the court for sentence, accompanied by his counsel. Counsel made a statement on behalf of his client and the court pronounced its judgment that Barry be confined in the state prison for a period of 25 years.

At no time in any of petitioner's appearances before the court was any claim made of statements or evidence being illegally obtained. We are convinced from the detail of the district court's order that all matters raised by petitioner were examined with particularity and we have re-examined them with the same specificity and we concur with the district court's holding that the petition contains no merit and the relief requested should be, and it is hereby, denied, and the proceeding is dismissed.